**EXHIBIT A**



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

Division of
Enforcement

**DIVISION OF ENFORCEMENT**

September 16, 2022

VIA EMAIL [dshapiro@nortonlaw.com]

▇▇▇▇▇▇▇▇
c/o David Shapiro
The Norton Law Firm PC
299 Third Street Suite 200
Oakland CA 94607

Re: In the Matter of Coherent, Inc. (TISO), NY-10394

Dear Mr. ▇▇▇▇▇▇:

The staff of the United States Securities and Exchange Commission is conducting an investigation in the matter identified above. The enclosed subpoena has been issued to you as part of this investigation. The subpoena requires you to provide us with documents by September 30, 2022.

Please read the subpoena and this letter carefully. This letter answers some questions you may have about the subpoena. You should also read the enclosed SEC Form 1662. If you do not comply with this subpoena, the SEC may bring an action in Federal Court to enforce this subpoena. Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment, or both.

**Preservation Notice**

In addition to producing the documents described in the attachment to the subpoena, you should preserve and retain all other documents relevant to the Commission's ongoing investigation until further notice. Failure to do so could give rise to civil and criminal liability. The Commission considers potentially relevant documents to include the following documents created or received on or after September 1, 2019:

1. Documents concerning Lumentum Holdings, Inc., Coherent, Inc., and/or NeoPhotonics Corporation, including but not limited to your trading in the securities of Coherent, Inc. and/or NeoPhotonics Corporation;

2. Communications concerning and/or involving any of the following individuals or entities: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇;

3. Communications concerning and/or involving anyone with whom you have communicated about Lumentum Holdings, Inc., Coherent, Inc., and/or NeoPhotonics Corporation;

4. Documents concerning any payments or transfers of funds, or any other property, or anything of value between you and any of the following individuals or entities: ███████████████████; and

5. Documents concerning any payments or transfers of funds, or any other property, or anything of value between you and anyone with whom you have communicated about Lumentum Holdings, Inc., Coherent, Inc., and/or NeoPhotonics Corporation.

Such documents include both "hard copy" versions and electronically-stored information in your possession, custody or control, including but not limited to text files, data compilations, word processing documents, spreadsheets, e-mail, voicemail, data bases, calendars and scheduling information, logs, file fragments and backup files, letters, instant messages, text messages, internet browser history, memoranda, notes, drawings, designs, correspondence or communication of any kind.  Evidence that is stored electronically may be maintained on shared network files, computer hard drives, servers, DVDs, CD-ROMs, flash drives, thumb drives, laptops, digital recorders, netbooks, PDAs, smartphones, or other handheld devices.  Failure to do so could give rise to civil and criminal liability.

**Producing Documents**

Please send the materials by **September 30, 2022** at 5:00 p.m. to:

ENF-CPU (U.S. Securities & Exchange Commission)
U.S. Securities and Exchange Commission
14420 Albemarle Point Place, Suite 102
Chantilly, VA 20151-1750

For larger electronic productions, the materials may be emailed to the SEC's FTP secure file sharing site, Kiteworks/Accellion.  Please let me know if you would like me to send you a link to that site.   For smaller electronic productions under 10MB in size, the materials may be emailed to the following email address: ENF-CPU@sec.gov.

Please also provide a duplicate copy of any document production cover letters to me at gellerj@sec.gov.

Passwords for documents, files, compressed archives, and encrypted media should be provided separately either via email addressed to ENF-CPU@sec.gov, gellerj@sec.gov, or in a separate cover letter mailed separately from the data. **Password correspondence should reference case number, case name and requesting SEC staff member**.

Please carefully read the subpoena attachment, which contains, among other things, important instructions related to the manner of producing documents. In particular, if your client prefers to send us copies of original documents, **the staff requests that you scan and produce hard copy documents, as well as electronic documents, in an electronic format consistent with the SEC Data Delivery Standards attached hereto. All electronic documents responsive to the subpoena, including all metadata, should also be produced in their native software format**. If you have any questions concerning the production of documents in an electronic format, please contact me as soon as possible and in any event before producing documents. For security reasons, we strongly encourage the encryption of sensitive documents before production.

In your cover letter(s) accompanying the production of responsive documents, please enclose a list briefly describing each item you send. The list should identify the paragraph(s) in the subpoena attachment to which each item responds. Please also state in the cover letter(s) whether you believe your client has met the obligations of the subpoena by searching carefully and thoroughly for everything called for by the subpoena, and sending it all to us.

Please also provide a narrative description describing what was done to identify and collect documents responsive to the subpoena. At a minimum, the narrative should describe:

- who searched for documents;
- who reviewed documents found to determine whether they were responsive;
- which custodians were searched;
- what sources were searched (e.g., computer files, CDs, DVDs, thumb drives, flash drives, online storage media, hard copy files, diaries, datebooks, planners, filing cabinets, storage facilities, home offices, work offices, voice mails, home email, webmail, work email, backup tapes or other media);
- what search terms, if any, were employed to identify responsive documents;
- what firms and/or persons, if any, assisted in analyzing the data collected;
- what third parties, if any, were contacted to obtain responsive documents (e.g., phone companies for phone records, brokerage firms for brokerage records); and
- where the original electronic and hardcopy documents are maintained and by whom.

A copy of the subpoena should be included with the documents that are produced. **Correspondence should reference case number, case name and requesting SEC staff member**.

Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all

documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

Enclosed is a copy of the Commission's Form 1662, entitled "Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena." This form explains how we may use the information that you provide to the Commission and has other important information.

This investigation is a non-public, fact-finding inquiry. We are trying to determine whether there have been any violations of the federal securities laws. The investigation does not mean that we have concluded that anyone has violated the law. Also, the investigation does not mean that we have a negative opinion of any person, entity, or security.

If you have any questions or would like to discuss this matter, you may contact me at 917-225-4135 or my colleague Ann Marie Preissler at 212-336-5056.

Sincerely,

/s *Joshua R. Geller*

Joshua R. Geller
Senior Counsel
Division of Enforcement

Enclosures:   Subpoena and Attachment
              SEC Data Delivery Standards
              SEC Form 1662



# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

In the Matter of Coherent, Inc. (TISO), NY-10394

**To:** ▉▉▉▉▉▉▉▉▉▉
c/o David Shapiro
The Norton Law Firm PC
299 Third Street Suite 200
Oakland CA 94607

☒   **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

ENF-CPU, U.S. Securities and Exchange Commission, 14420 Albemarle Point Place, Suite 102, Chantilly, VA 20151-1750, no later than September 30, 2022 at 5:00 p.m.

☐   **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below:

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
If you do not comply with this subpoena, the SEC may bring an action in Federal Court to enforce this subpoena.
Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment, or both.

/s *Joshua R. Geller*                                                        September 16, 2022
Joshua R. Geller, Senior Counsel
U.S. Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, NY 10004-2612

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS: If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

**SUBPOENA ATTACHMENT FOR** ████████
<u>In the Matter of Coherent, Inc. (TISO), NY-10394</u>

September 16, 2022

### Definitions

As used in this subpoena, the words and phrases listed below shall have the following meanings:

1. "Lumentum" means the entity doing business under the name "Lumentum Holdings, Inc.," including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

2. "Coherent" means the entity doing business under the name "Coherent, Inc.," including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

3. "NeoPhotonics" means the entity doing business under the name "NeoPhotonics Corporation" including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

4. "Person" means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

5. A "Representative" of a Person means any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, or any other representative acting or purporting to act on behalf of the Person.

6. "Security(-ies)" means any common, preferred or convertible stock, warrant, note, bond, investment, or any other interest encompassed by Section 2(a)(1) of the Securities Act of 1933 or Section 3(a)(10) of the Securities Exchange Act of 1934.

7. "Financial Account(s)" means any brokerage account, bank account, commodity account, credit card account, retirement account or other financial account maintained by or on behalf of you, or over which you had any authority.

8. "Payment(s)" means an offer, transfer of anything of value, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or

        authorization of the giving of anything of value to any person, body, party, or entity.

9.    "Document(s)" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, facsimiles, messages of any type, telephone messages, text messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

10.   "Communication(s)" means any correspondence, contact, discussion, e-mail, instant message, text or SMS message, Skype chat, Slack message, WhatsApp message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a Document or Documents.

11.   "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

12.   The term "you" and "your" means the Person to whom or entity to which this subpoena was issued.

13.   To the extent necessary to bring within the scope of this this subpoena any information or Documents that might otherwise be construed to be outside its scope:
    a.   the word "or" means "and/or";
    b.   the word "and" means "and/or";
    c.   the functional words "each," "every" "any" and "all" shall each be deemed to include each of the other functional words;
    d.   the masculine gender includes the female gender and the female gender includes the masculine gender; and
    e.   the singular includes the plural and the plural includes the singular.

14.   "Relevant Period" means the time period beginning **September 1, 2019, and**

**continuing to the present**, unless otherwise specified.

## Instructions

1. Unless otherwise specified, this subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this subpoena may be in electronic or paper form. Electronic Documents such as email should be produced in accordance with the attached Document entitled SEC Data Delivery Standards. All responsive electronic Documents, including all metadata, should also be produced in their native software format.

2. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. The Commission cannot reimburse you for the copying costs. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy Documents and produce them in an electronic format consistent with the SEC Data Delivery Standards. Alternatively, you may send us photocopies of the Documents in paper format. If you choose to send copies, you must secure and retain the originals and store them in a safe place. The staff may later request or require that you produce the originals.

3. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a Document differ in any way, they are considered separate Documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this request. In that regard, Documents should be produced in a unitized manner, i.e., delineated with staples or paper clips to identify the Document boundaries.

6. Documents should be labeled with sequential numbering (bates-stamped).

7. You must produce all Documents created during, or Concerning, the period for the **Relevant Period**, unless otherwise specified.

8. The scope of any given request should not be limited or narrowed based on the fact that it calls for Documents that are responsive to another request.

9. You are not required to produce exact duplicates of any Documents that have been previously produced to the Securities and Exchange Commission staff in connection with this matter. If you are not producing Documents based upon a prior production, please identify the responsive Documents that were previously produced.

10. For any Documents that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11), please complete a business records certification (a sample of which is enclosed) and return it with the Document production.

11. This subpoena covers all Documents in or subject to your possession, custody or control, including all Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth below. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the request, you should submit a list of what you are not producing. The list should describe each item separately, noting:

    a. its author(s);
    b. its date;
    c. its subject matter;
    d. the name of the Person who has the item now, or the last Person known to have it;
    e. the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;
    f. the basis upon which you are not producing the responsive Document;
    g. the specific request in the subpoena to which the Document relates;
    h. the attorney(s) and the client(s) involved; and
    i. in the case of the work product doctrine, the litigation for which the Document was prepared in anticipation.

12. If Documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Documents and give the date on which they were lost, discarded or destroyed.

## Documents to be Produced

Please produce all Documents created or received during, or concerning, the Relevant Period, unless otherwise stated:

1. Documents sufficient to identify all telephone numbers used by you, including all general, personal, business, facsimile, credit card, telephone message center, voicemail, pager, and cellular numbers, and all billing records relating to each number.

2. Documents sufficient to identify each of your internet service providers.

3. Documents sufficient to identify service provider, dates of service, account name, account number, and email or internet address for each personal, business or household e-mail account, text-messaging account, website or social media site, instant-messaging account, WhatsApp, Skype, or any other electronic or mobile messaging application used by you.

4. All personal, business, or household calendars, daytimers, diaries or schedules (whether paper or electronic) kept by or on behalf of you.

5. All your rolodex, contact lists, address books, organizers, or other documents (whether paper or electronic) reflecting names, addresses, e-mail addresses, phone numbers and other contact information.

6. All Documents (including but not limited to Communications) Concerning Coherent, including but not limited to all Documents Concerning trading in any securities of Coherent.

7. All Documents (including but not limited to Communications) Concerning NeoPhotonics, including but not limited to all Documents Concerning trading in any securities of NeoPhotonics.

8. All Documents and Communications with or Concerning the following individuals or entities:

    a. [redacted] ; and
    b. [redacted] .

9. All Documents Concerning any Payments or transfers of funds, or any other property, or anything of value between you and any of the individuals listed above in Request 8, or any of their respective relatives.

10. All Documents and Communications Concerning Lumentum.

11. Documents sufficient to identify all Financial Accounts (including but not limited to any securities, bank, credit card, or digital asset accounts) held by you, over which you directly or indirectly exercise control, or as to which you have a direct

        or indirect beneficial interest, including, for each financial account: customer name associated with the account, account number, the name and address of the financial institution where the financial account was/is held, and the nature of your role with respect to and interest in the account.

12. All account statements for all Financial Accounts identified in response to Request 11.

13. All Documents (including but not limited to all Communications) Concerning or involving anyone with whom you have communicated about Lumentum, Coherent, or NeoPhotonics.

14. All Documents Concerning any payments or transfers of funds, or any other property, or anything of value between you and anyone with whom you have communicated about Lumentum, Coherent, or NeoPhotonics, or any of their respective relatives.

15. All Documents Concerning any debt or obligation owed between you and anyone with whom you have communicated about Lumentum, Coherent, or NeoPhotonics.

16. All Documents, including but not limited to internet research, other research, or Communications, Concerning insider trading, but excluding any subpoena issued to you by the U.S. Department of Justice.

17. All Documents, including but not limited to internet research, other research, or Communications, Concerning Lumentum, Coherent, and NeoPhotonics or any securities trading relating to Coherent and NeoPhotonics, but excluding any subpoena issued to you by the U.S. Department of Justice.

18. To the extent not covered above, all Documents concerning your involvement in any lawsuits or investigations by any entity, including broker-dealers, governmental or nongovernmental organizations, agencies, or regulators, but excluding any subpoena issued to you by the U.S. Department of Justice.

19. Documents sufficient to show any company or entity in which you serve as an officer, director, employee, or contractor.